PER CURIAM.
Appeal from a summary judgment in a breach of contract action and cross-appeal for the taxing of costs for a deposition.
Thomas M. Scott contends that the trial court improperly granted summary judgment on the ground that the action was barred by the statute of limitations for specific performance because his complaint also prayed for damages and there was a material issue of fact as to when the contract was breached. As to the first point, the agreement between Scott and the other members of the professional, association included the following provision:
The parties hereby declare and agree that it is impossible to measure in money the damages which will accrue to a party hereto ... by reason of a failure by any party to perform any of the obli *787 gations under this agreement. Therefore, if any party hereto . . . shall institute any action or proceeding to enforce the provisions hereof, any person (including Company) against whom such an action or proceeding is brought hereby waives the claim or defense therein that such party . . . has an adequate remedy at law. .
It is, we believe, inconsistent for Scott to now contend that a. court or jury could properly measure his damages when he himself incorporated into his complaint his agreement that damages could not be measured. Further, we believe the record clearly shows that the breach occurred when the president of the association informed Scott that Scott would get nothing and there was no genuine issue of material fact. We, therefore, affirm the summary judgment.
On cross-appeal, Sears, Vail and Williams, P.A., contends that the refusal of the trial court to tax costs for the deposition which was relied upon by the court was error. We agree and reverse on this point. We remand for the trial court to determine the amount of costs for the deposition.
AFFIRMED in part; REVERSED in part.
ERVIN, Acting C. J., MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.